UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
JACK ARGILA, in his fiduciary capacity as a Trustee for the
POINTERS, CLEANERS & CAULKERS WELFARE, PENSION
& ANNUITY FUNDS, the BRICKLAYERS JOINT APPRENTICE
TRAINING FUND, the LABOR MANAGEMENT FUND, and the
PROMOTION FUND: and as President of the BRICKLAYERS
AND ALLIED CRAFTWORKERS LOCAL UNION NO. 1,
B.A.C.I.U. AFL-CIO; and the TRUSTEES of the BRICKLAYERS
AND TROWEL TRADES INTERNATIONAL PENSION FUND
and the INTERNATIONAL MASONRY INSTITUTE,

                                  Plaintiffs,

   -against-

S&N BUILDERS, INC; SAKANDER RAJA, DOE GENERAL
CONTRACTOR; and DOE SURETY COMPANY,

                                 Defendants,
-----------------------------------------------------------------------X

Case No.: 22 cv 3324

(BMC)

**ANSWER**

Defendants, S&N Builders, Inc. ("S&N") and Sakander Raja, by their attorneys, Milber Makris Plousadis & Seiden, LLP, as and for their Answer to the Complaint, allege the following upon information and belief:

### NATURE OF ACTION

1.    Paragraph "1" of the Complaint states a legal conclusion to which no response is required.

### JURISDICTION AND VENUE

2.    Paragraph "2" of the Complaint states a legal conclusion to which no response is required.

3.    Paragraph "3" of the Complaint states a legal conclusion to which no response is required.

## PARTIES

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "4" of the Complaint.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "5" of the Complaint.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "6" of the Complaint.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "7" of the Complaint.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "8" of the Complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "9" of the Complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "10" of the Complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "11" of the Complaint.

12. Admit only that S&N is a domestic corporation with its principal place of business at 156 E. 3rd Street, Mount Vernon, New York. Except as so admitted deny each and every other allegation contained in paragraph "12" of the Complaint.

13. Paragraph "13" of the Complaint states a legal conclusion to which no response is required.

14. Paragraph "14" of the Complaint states a legal conclusion to which no response is required.

15. Admit only that Sakander Raja is a natural person and President of S&N. Except as so admitted, deny each and every other allegation contained in paragraph "15" of the Complaint.

16. Paragraph "16" of the Complaint states a legal conclusion to which no response is required.

17. Paragraph "17" of the Complaint states a legal conclusion to which no response is required.

18. Paragraph "18" of the Complaint states a legal conclusion to which no response is required.

19. Paragraph "19" of the Complaint states a legal conclusion to which no response is required.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "20" of the Complaint

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "21" of the Complaint.

## RESPONSE TO PRELIMINARY STATEMENT

22. Paragraph "22" of the Complaint states a legal conclusion to which no response is required.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "23" of the Complaint. Defendants further beg leave to refer to the PLA Letter of Assent for the true content and meaning thereof.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "24" of the Complaint. Defendants further beg leave to refer to the PLA Letter of Assent for the true content and meaning thereof.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "25" of the Complaint. Defendants further beg leave to refer to the PLA Letter of Assent for the true content and meaning thereof.

26. Paragraph "26" of the Complaint states a legal conclusion to which no response is required.

27. Paragraph "27" of the Complaint states a legal conclusion to which no response is required.

28. Paragraph "28" of the Complaint states a legal conclusion to which no response is required.

29. Paragraph "29" of the Complaint states a legal conclusion to which no response is required.

30. Paragraph "30" of the Complaint states a legal conclusion to which no response is required.

31. Paragraph "31" of the Complaint states a legal conclusion to which no response is required.

32. Paragraph "32" of the Complaint states a legal conclusion to which no response is required.

33. Paragraph "33" of the Complaint states a legal conclusion to which no response is required.

34. Paragraph "34" of the Complaint states a legal conclusion to which no response is required.

35. Paragraph "35" of the Complaint states a legal conclusion to which no response is required.

36. Paragraph "36" of the Complaint states a legal conclusion to which no response is required.

37. Paragraph "37" of the Complaint states a legal conclusion to which no response is required.

38. Deny the allegations contained in Paragraph "38" of the Complaint.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "39" of the Complaint.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "40" of the Complaint.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "41" of the Complaint.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "42" of the Complaint.

43. Paragraph "43" of the Complaint states a legal conclusion to which no response is required.

44. Admit the allegations contained in Paragraph "44" of the Complaint.

45. Paragraph "45" of the Complaint states a legal conclusion to which no response is required.

46. Deny the allegations contained in Paragraph "46" of the Complaint.

47. Deny the allegations contained in Paragraph "47" of the Complaint.

48. Admit only that Kobgo conducted an audit examination of S&N for the period January 1, 2016 through March 31, 2019 and provided S&N with a copy of the report. Except as so admitted, deny each and every other allegation contained in Paragraph "48" of the Complaint.

49. Admit only that S&N sent emails to H&O dated January 19, 2021 and January 21, 2021 and begs leave to refer to those emails and any attachments for the true content and meaning thereof. Except as so admitted, deny each and every other allegation contained in Paragraph "49" of the Complaint.

50. Admit only that Kobgo issued an audit report of S&N dated February 26, 2021 and begs leave to refer to that report for the true content and meaning thereof. Except as so admitted, deny each and every other allegation contained in Paragraph "50" of the Complaint.

51. Admit only that S&N received a letter dated March 9, 2021 from H&O and begs leave to refer to that letter for the true content and meaning thereof. Except as so admitted, deny each and every other allegation contained in Paragraph "51" of the Complaint.

52. Admit only that S&N sent an email dated March 10, 2021 to H&O and begs leave to refer to that email for the true content and meaning thereof. Except as so admitted, deny each and every other allegation contained in Paragraph "52 of the Complaint.

53. Admit only that S&N paid the Funds $49,118.45 by check no. 13909, dated March 17, 2021. Except as so admitted, deny each and every other allegation contained in Paragraph "53" of the Complaint.

54. Admit only that S&N and the Funds engaged in settlement discussions. Except as so admitted, deny each and every other allegation contained in Paragraph "54" of the Complaint.

55.   Admit only that S&N paid the Funds $38,246.75 by check no. 14152, dated April 1, 2021. Except as so admitted, deny each and every other allegation contained in Paragraph "55" of the Complaint.

56.   Admit only that S&N paid the Funds $38,246.75 by check no. 14464, dated June 9, 2021. Except as so admitted, deny each and every other allegation contained in Paragraph "56" of the Complaint.

57.   Admit only that S&N paid the Funds $38,246.75 by check no. 14518, dated July 7, 2021. Except as so admitted, deny each and every other allegation contained in Paragraph "57" of the Complaint.

58.   Admit only that S&N paid the Funds $38,246.75 by check no. 15007, dated August 24, 2021. Except as so admitted, deny each and every other allegation contained in Paragraph "58" of the Complaint.

59.   Admit only that H&O sent S&N a letter dated November 9, 2021 and begs leave to refer to that letter for the true content and meaning thereof. Except as so admitted, deny each and every other allegation contained in Paragraph "59" of the Complaint.

60.   Admit only that the Funds sent an email to S&N dated November 10, 2021 and begs leave to refer to that email for the true content and meaning thereof. Except as so admitted, deny each and every other allegation contained in Paragraph "60" of the Complaint.

61.   Admit only that H&O sent S&N an email dated November 17, 2021 and begs leave to refer to that email for the true content and meaning thereof. Except as so admitted, deny each and every other allegation contained in Paragraph "61" of the Complaint.

62.   Admit only that S&N sent an email dated November 17, 2021 which attached remittance reports and begs leave to refer to that email and attachment for the true content and

meaning thereof. Except as so admitted, deny each and every other allegation contained in Paragraph "62" of the Complaint.

63. Admit only that S&N received a copy of a letter from H&O to NYCHA dated November 21, 2021 and begs leave to refer to that letter for the true content and meaning thereof. Except as so admitted, deny each and every other allegation contained in Paragraph "63" of the Complaint.

64. Admit only that S&N and H&O spoke to one another. Except as so admitted, deny each and every other allegation contained in Paragraph "64" of the Complaint.

65. Admit only that H&O sent S&N an email dated December 6, 2021 and begs leave to refer to that email for the true content and meaning thereof. Except as so admitted, deny each and every other allegation contained in Paragraph "65" of the Complaint.

66. Admit only that H&O sent S&N an email dated December 20, 2021 and begs leave to refer to that email for the true content and meaning thereof. Except as so admitted, deny each and every other allegation contained in Paragraph "66" of the Complaint.

67. Admit only that S&N and H&O spoke on December 20, 2021. Except as so admitted, deny each and every other allegation contained in Paragraph "67" of the Complaint.

68. Admit only that S&N sent an email dated December 21, 2021 with attachments and beg leave to refer to that email and its attachments for the true content and meaning thereof. Except as so admitted, deny each and every other allegation contained in Paragraph "68" of the Complaint.

69. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "69" of the Complaint.

70. Admit only that H&O sent a letter to S&N dated March 23, 2022 and begs leave to refer to that letter for the true content and meaning thereof. Except as so admitted, deny each and every other allegation contained in Paragraph "70" of the Complaint.

71. Admit only that S&N and the Funds have had settlement discussions. Except as so admitted, deny each and every other allegation contained in Paragraph "71" of the Complaint.

72. Admit only that S&N paid the Funds $100,000 by check no. 16802 dated March 28, 2022 and $52,482.30 by check no. 17347 dated May 13, 2022. Except as so admitted, deny each and every other allegation contained in Paragraph "72" of the Complaint.

73. Admit only that S&N paid the Funds $9,786.04 by check no. 17346 dated May 13, 2022. Except as so admitted, deny each and every other allegation contained in Paragraph "73" of the Complaint.

74. Deny the allegations contained in Paragraph "74" of the Complaint.

75. Deny the allegations contained in Paragraph "75" of the Complaint.

76. Deny the allegations contained in Paragraph "76" of the Complaint.

77. Deny the allegations contained in Paragraph "77" of the Complaint.

78. Paragraph "78" of the Complaint states a legal conclusion to which no response is required.

79. Deny the allegations contained in Paragraph "79" of the Complaint.

80. Deny the allegations contained in Paragraph "80" of the Complaint.

81. Paragraph "81" of the Complaint states a legal conclusion to which no response is required.

82. Paragraph "82" of the Complaint states a legal conclusion to which no response is required.

83. Paragraph "83" of the Complaint states a legal conclusion to which no response is required.

84. Paragraph "84" of the Complaint states a legal conclusion to which no response is required.

85. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "85" of the Complaint. Defendants further beg leave to refer to the CBA for the true content and meaning thereof.

86. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "86" of the Complaint. Defendants further beg leave to refer to the CBA for the true content and meaning thereof.

87. Paragraph "87" of the Complaint states a legal conclusion to which no response is required.

88. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "88" of the Complaint. Defendants further beg leave to refer to the Agreement and Declaration of Trust for the true content and meaning thereof.

89. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "89" of the Complaint. Defendants further beg leave to refer to the Agreement and Declaration of Trust for the true content and meaning thereof.

90. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "90" of the Complaint. Defendants further beg leave to refer to the IPF Trust Agreement for the true content and meaning thereof.

91. Deny the allegations contained in Paragraph "91" of the Complaint.

92. Deny the allegations contained in Paragraph "92" of the Complaint.

93. Deny the allegations contained in Paragraph "93" of the Complaint.

94. Deny the allegations contained in Paragraph "94" of the Complaint.

95. Deny the allegations contained in Paragraph "95" of the Complaint.

96. Paragraph "96" of the Complaint states a legal conclusion to which no response is required.

97. Deny the allegations contained in Paragraph "97" of the Complaint.

98. Deny the allegations contained in Paragraph "98" of the Complaint.

99. Deny the allegations contained in Paragraph "99" of the Complaint.

100. Deny the allegations contained in Paragraph "100" of the Complaint.

101. Deny the allegations contained in Paragraph "101" of the Complaint.

102. Deny the allegations contained in Paragraph "102" of the Complaint.

### AS AND FOR A RESPONSE TO PLAINTIFF FUNDS' FIRST CLAIM FOR RELIEF AGAINST EMPLOYER

103. In response to Paragraph "103", Defendants repeat, reiterate and reallege each and every response applicable to the allegations contained in paragraphs "1" through "102" of the Complaint as though more fully set forth herein.

104. Paragraph "104" of the Complaint states a legal conclusion to which no response is required.

105. Deny the allegations contained in Paragraph "105" of the Complaint.

### AS AND FOR A RESPONSE TO PLAINTIFF FUNDS' SECOND CLAIM FOR RELIEF AGAINST EMPLOYER

106. In response to Paragraph "106", Defendants repeat, reiterate and reallege each and every response applicable to the allegations contained in paragraphs "1" through "105" of the Complaint as though more fully set forth herein.

107. Deny the allegations contained in Paragraph "107" of the Complaint.

108. Deny the allegations contained in Paragraph "108" of the Complaint.

### AS AND FOR A RESPONSE TO PLAINTIFF LOCAL 1'S FIRST CLAIM FOR RELIEF AGAINST EMPLOYER

109. In response to Paragraph "109", Defendants repeat, reiterate and reallege each and every response applicable to the allegations contained in paragraphs "1" through "108" of the Complaint as though more fully set forth herein.

110. Deny the allegations contained in Paragraph "110" of the Complaint.

111. Deny the allegations contained in Paragraph "111" of the Complaint.

### AS AND FOR A RESPONSE TO PLAINTIFF FUNDS' CLAIM FOR RELIEF AGAINST DEFENDANT RAJA AS A FIDUCIARY

112. In response to Paragraph "112", Defendants repeat, reiterate and reallege each and every response applicable to the allegations contained in paragraphs "1" through "111" of the Complaint as though more fully set forth herein.

113. Paragraph "113" of the Complaint states a legal conclusion to which no response is required.

114. Paragraph "114" of the Complaint states a legal conclusion to which no response is required.

115. Paragraph "115" of the Complaint states a legal conclusion to which no response is required.

116. Deny the allegations contained in Paragraph "116" of the Complaint.

117. Deny the allegations contained in Paragraph "117" of the Complaint.

118. Deny the allegations contained in Paragraph "118" of the Complaint.

## AS AND FOR A RESPONSE TO PLAINTIFF LOCAL 1'S
## CLAIM FOR RELIEF AGAINST DEFENDANT RAJA AS A FIDUCIARY

119. In response to Paragraph "119", Defendants repeat, reiterate and reallege each and every response applicable to the allegations contained in paragraphs "1" through "118" of the Complaint as though more fully set forth herein.

120. Deny the allegations contained in Paragraph "120" of the Complaint.

121. Paragraph "121" of the Complaint states a legal conclusion to which no response is required.

122. Deny the allegations contained in Paragraph "122" of the Complaint.

123. Deny the allegations contained in Paragraph "123" of the Complaint.

124. Deny the allegations contained in Paragraph "124" of the Complaint.

125. Deny the allegations contained in Paragraph "125" of the Complaint.

126. Deny the allegations contained in Paragraph "126" of the Complaint.

## AS AND FOR A RESPONSE TO PLAINTIFF FUNDS' AND LOCAL 1'S FIRST JOINT
## SUPPLEMENTAL CLAIM FOR RELIEF AGAINST DEFENANT DOE CONTRACTOR

127. In response to Paragraph "127", Defendants repeat, reiterate and reallege each and every response applicable to the allegations contained in paragraphs "1" through "126" of the Complaint as though more fully set forth herein.

128. Paragraph "128" of the Complaint states a legal conclusion to which no response is required.

129. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "129" of the Complaint.

130. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "130" of the Complaint

131. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "131" of the Complaint.

132. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "132" of the Complaint.

133. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "133" of the Complaint.

### AS AND FOR A RESPONSE TO PLAINTIFF'S FUND AND LOCAL 1'S FIRT JOINT SUPPLEMENTAL CLAIM FOR RELIEF AS AGAINST DEFENDANT DOE SURETY

134. In response to Paragraph "134", Defendants repeat, reiterate and reallege each and every response applicable to the allegations contained in paragraphs "1" through "133" of the Complaint as though more fully set forth herein.

135. Paragraph "135" of the Complaint states a legal conclusion to which no response is required.

136. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "136" of the Complaint.

137. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "137" of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

138. Plaintiffs have failed to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

139. The action is barred under the doctrines of waiver and estoppel.

### THIRD AFFIRMATIVE DEFENSE

140. The action is barred by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

141. Plaintiffs' claims are barred by the applicable statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

142. Defendants have made payment of the sums claimed due.

WHEREFORE, Defendants, S&N Builders, Inc. and Sakander Raja, demand judgment:

(A)   Dismissing the Complaint;

(B)   Awarding it the costs and disbursements of this action; and

(C)   Awarding it such other and further relief that this Court may deem just and proper.

Dated: Woodbury, New York
July 22, 2022

MILBER MAKRIS PLOUSADIS
& SEIDEN, LLP

_____
Joseph J. Cooke, Esq.
Attorneys for Defendants
S & N Builders, Inc., and Sakander Raja.
1000 Woodbury Road, Suite 402
Woodbury, New York 11797
Telephone: (516) 712-4000
Facsimile: (516) 712-4013
Our File No.: C0868-0012
jcooke@milbermakris.com

TO:   Carol G. Dell, Esq.
Katherine M. Morgan, Esq.
Holm & O'Hara, LLP
3 West 35th Street, 9th Floor
New York, New York 10001-2201
Telephone: 212-682-2280
Facsimile: 212-682-2153
c.dell@hohlaw.com
k.morgan@hohlaw.com